UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GEORGE PETERS,

   Plaintiff,

 v.             Case No. 17-C-1115

BILL McCREEDY, CAPTAIN BERG,
and SERGEANT NOZARIO,

   Defendants.

## SCREENING ORDER

  Plaintiff George Peters, who is incarcerated at Kettle Moraine Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition for leave to proceed without prepaying the full filing fee.

  Plaintiff is required to pay the $350.00 statutory filing fee for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing fee of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $1.10. Plaintiff's motion to proceed *in forma pauperis* will be granted.

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

The complaint alleges that on May 1, 2017 Captain Berg, Sergeant Nozario, and unit 1 staff officers went to transfer Peters from his cell to unit 14. At that time, Peters notified the officers that he had an injury to his right shoulder that prevented him from putting his arms behind his back. Staff then allegedly forced his arms behind his back to place handcuffs on him, causing injury to Peters's right rotator cuff. Specifically Peters alleges that his right should was popped out of the joint and that a previous surgical repair of his shoulder was irrevocably damaged. Peters then submitted requests to be seen to Bill McCreedy, the director of the Hospital Services Unit ("HSU"), on May 2 and May 4, 2017 but was not seen until eight days later.[1]

---

[1] Peters does not indicate whether "eight days later" refers to May 9, which is eight days after the incident, or May 12, which is eight days after his second request.

The Eighth Amendment to the Constitution prohibits cruel and unusual punishment. U.S. Const. Amend. IIX. Obviously, correctional officers may lawfully use force against inmates in their custody when necessary to maintain or restore discipline, order and security. A policy of placing handcuffs on prisoners during transport would seem to further such goals. But when prison officials maliciously or sadistically use force to cause harm, an Eighth Amendment violation occurs. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). If, as Peters alleges, guards disregarded the prior injury to his shoulder and forced his hands behind his back in order to place handcuffs on him, thereby causing injury to his rotator cuff, he may have an Eighth Amendment claim against them.

It is also well-established that deliberate indifference to the serious medical needs of a person held in custody violates his or her constitutional rights. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764 (7th Cir. 2002). To establish liability, a prisoner must show (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). A "delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)).

At this stage of the proceedings, Peters has stated an Eighth Amendment claim. Based on the facts stated above, I cannot say that the guard's use of force against him, given his alleged pre-existing injury, was not excessive. I am also unable to say Peters's medical condition does not

3

constitute a serious medical need or that prison officials did not demonstrate deliberate indifference to his condition.

To recover under § 1983 a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). An official satisfies the personal responsibility requirement of § 1983 if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent. *Id*. At this stage of the litigation, Peters may proceed against McCreedy based upon his allegation that McCreedy knew of his injury yet delayed providing treatment for eight days. Peters may also proceed on his claim against Captain Berg and Sergeant Nozario that they knew of the pre-existing injury to his shoulder, but nevertheless forced his hands behind his back thereby causing further damage.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $348.90 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount

equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

        Honorable William C. Griesbach
        c/o Office of the Clerk
        United States District Court - WIED
        United States Courthouse
        125 S. Jefferson St., Suite 102
        Green Bay, Wisconsin 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is hereby notified that copies of future documents filed with the court that can be scanned and electronically filed need not be served on the other parties. Copies of documents that the clerk advises cannot be electronically scanned, however, must be provided to the opposing parties or their attorney pursuant to Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated this   18th   day of September, 2017.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court