UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GEORGE PETERS,

        Plaintiff,

v.                                                       Case No. 17-C-1115

BILL MCCREEDY, et al.,

        Defendant.

## DECISION AND ORDER

Plaintiff, George Peters, who is currently serving a sentence in the custody of the Wisconsin Department of Corrections (DOC), filed this *pro se* civil rights action alleging that the defendants violated the Eighth Amendment prohibition of cruel and unusual punishment by their deliberate indifference to Plaintiff's serious medical needs. The Court entered a screening order allowing Plaintiff's case to proceed on September 18, 2017. Currently before the Court is Plaintiff's request to appoint counsel. In support of his motion, Plaintiff states that he cannot afford an attorney and has contacted two legal organizations, but both have declined to represent him. Having given Plaintiff's request further consideration, I now conclude that it should be denied.

Civil litigants do not have a constitutional or statutory right to appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Yet, district courts have discretion to recruit attorneys to represent indigent parties in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). The legal standard for deciding motions to recruit counsel under § 1915(e)(1) in the Seventh Circuit requires the district court to consider the difficulty of the case and the *pro se* plaintiff's competence to litigate it himself. *Pruitt*, 503 F.3d at

649. Noticeably absent from the list of factors *Pruitt* instructs district courts to consider in deciding such motions, but presumably not wholly irrelevant, are the merits and substance of the plaintiff's claim.

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Id*. at 654. Once this threshold burden has been met, the Court must address the following question: given the difficulty of the case, does this plaintiff appear competent to litigate it himself?" *Id.* at 654–55 (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)). The Court cannot say, at this time, that Plaintiff has meet this threshold burden. Plaintiff submits letters he has received from Disability Rights of Wisconsin and the State Bar as his evidence that he has attempted to recruit counsel. Neither of these contacts were made recently, and the Court cannot say that contacting two organizations over three months ago is a "reasonable attempt to secure private counsel."

However, even if Plaintiff had made a reasonable attempt, I would still deny his motion because under the *Pruitt* standard, Plaintiff has failed to demonstrate a need for court-recruited counsel. Here, Plaintiff has not alleged that he is incompetent and has provided no specific evidence to support a finding that he lacks the competency to represent himself. There are no "fixed requirements" to determine whether a plaintiff is competent to litigate his own case. *Id.* at 655. A district court may consider "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* Rather, Plaintiff asserts that he cannot afford to pay an attorney, therefore one should be recruited to represent him. However, this is insufficient. The question is not simply whether an individual can afford to hire an attorney or not, because many litigants cannot afford to hire an attorney. Rather, the question is whether the plaintiff would be unable to coherently present

the case to a judge or jury. Here, there is no indication in the record that Plaintiff's education or intelligence is limited. Plaintiff has failed to provide the Court with any information about his general competence. He has also revealed an ability to litigate on his own behalf. His filings are neatly written and his arguments are cogent. In short, there is nothing in the record to suggest that Plaintiff does not have the same competence to represent himself as the vast number of other *pro se* litigants who cannot afford to hire an attorney and are unable to convince one to take their case on a contingent fee basis.

Although this case involves medical care, it is not complex. Plaintiff is proceeding on an Eighth Amendment claim of deliberate indifference. He claims the defendants were unresponsive to doctor recommendations about how to handcuff him post-surgery and caused him to re-injure his shoulder. In *Henderson v. Ghosh*, the Seventh Circuit found that the district court abused its discretion in failing to recruit counsel for an inmate who alleged prison health care providers and other corrections employees were deliberately indifferent to his serious medical needs by failing to inform him of his declining kidney health until he had "stage 5 kidney failure." 755 F.3d 559 (7th Cir. 2014). The plaintiff in that case, however, had a low IQ and a fifth grade education, was functionally illiterate, and was inexperienced with civil litigation. *Id.* at 565. Moreover, in *Garner v. Sumnicht*, the court held in an unpublished decision that the district court abused its discretion in failing to recruit counsel for an inmate who alleged prison medical officials subjected him to cruel and unusual punishment by refusing to provide treatment for his lactose intolerance. 554 F. App'x 500 (7th Cir. 2014). The inmate, however, claimed he was mentally ill. *Id.* at 501. Plaintiff makes no such claims about his competency here. I conclude that the difficulty of this case—factually and legally—does not exceed Plaintiff's capacity to represent himself.

3

Accordingly, at this time, Plaintiff's motion to recruit counsel (ECF No. 31) is **DENIED** without prejudice. The Court will give further consideration to Plaintiff's request as the case proceeds.

**SO ORDERED** this  22nd  day of February, 2018.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach, Chief Judge
                                                  United States District Court