UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GEORGE PETERS,

        Plaintiff,

  v.                                      Case No. 17-C-1115

BILL MCCREEDY,
GRANT BERG, and
JOHN NAZARIO,

        Defendants.

## DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT

Plaintiff George Peters, who is incarcerated at Kettle Moraine Correctional Institution (KMCI), filed a *pro se* complaint under 42 U.S.C § 1983, alleging Defendants William McCreedy, Grant Berg, and John Nazario were deliberately indifferent to his serious medical needs relating to his right shoulder. This case is before the court on Defendants' motion for summary judgment. Defendants seek summary judgment on the ground that Peters has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). For the reasons explained below, Defendants' motion is granted as to Plaintiff's claims against McCreedy but denied with respect to Berg and Nazario.

## BACKGROUND

This dispute arises from an incident that occurred whiled Peters was incarcerated at KMCI. Defs.' Proposed Findings of Fact (DPFOF), ECF No. 26, at ¶ 1. Peters claims that on May 1, 2017, Berg and Nazario aggravated Peters' pre-existing right shoulder condition when they handcuffed him behind his back. *Id*. at ¶ 3. He then submitted requests to McCreedy, the Health Services Unit

director, asking to receive treatment. Peters alleges McCreedy delayed providing treatment to him for eight days after he sustained his shoulder injury.

On May 31, 2017, KMCI received Inmate Complaint Review System (ICRS) Complaint Number KMCI-2017-13680 from Peters, dated May 29, 2017. In that complaint, Peters states Berg and Nazario injured his shoulder when they handcuffed him on May 1, 2017. The complaint did not contain any allegations that McCreedy delayed Peters' medical treatment. Institution Complaint Examiner (ICE) Kelly Salinas recommended that the complaint be rejected because it was filed more than fourteen days after the alleged incident and Peters did not present good cause for the untimely filing. Peters appealed Salinas' recommendation to the institution-level reviewing authority, Warden Robert Humphreys. Humphreys concluded the complaint was untimely and ultimately accepted Salinas' recommendation that the complaint be rejected.

Peters claims that on May 7, 2017, he filed an inmate complaint related to Berg and Nazario's May 1, 2017 conduct, but that complaint was never processed by KCMI or returned to him. *See* ECF No. 1-1 at 1. Peters submitted a follow up complaint on May 31, 2017, which was dated May 25, 2017, asserting that Salinas did not return the May 7, 2017 complaint to him or provide an ICE receipt. *Id.* at 14. Defendants contend Salinas never received a complaint from Peters about the May 1, 2017 incident until Peters filed Complaint No. KMCI-2017-13680 on May 31, 2017. Salinas maintains that in her ten years as a complaint examiner, KMCI had never lost or failed to process an inmate complaint.

## ANALYSIS

Summary judgment is proper if the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ.

2

P. 56(a). In determining whether summary judgment is appropriate, a court must construe the evidence in the light most favorable to the non-moving party. *Ramos v. City of Chicago*, 716 F.3d 1013, 1014 (7th Cir. 2013).

Defendants assert they are entitled to summary judgment because Peters has failed to exhaust his administrative remedies. The PLRA provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that a prisoner comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects prisoners to adhere to "the specific procedures and deadlines established by the prison's policy." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted).

Wisconsin has implemented the Inmate Complaint Review System under which inmate grievances concerning prison conditions or the actions of prison officials are "expeditiously raised, investigated and decided." Wis. Admin. Code § DOC 310.01. The failure to properly exhaust each step of the grievance process constitutes a failure to exhaust available administrative remedies. *Pozo*, 286 F.3d at 1025. As relevant to this case, an inmate must file a complaint with the institutional complaint examiner within 14 calendar days after the occurrence giving rise to the complaint, unless good cause exists to excuse a delay. Wis. Admin. Code § DOC 310.09(6).

A prisoner's claim is not subject to the PLRA exhaustion requirement when no administrative remedies are "available" to him during the relevant exhaustion period. *Hernandez*, 814 F.3d at 842

3

(citing 42 U.S.C. § 1997e(a); *Woodford*, 548 U.S. at 93). Prison authorities cannot "immunize themselves from suit by establishing procedures that in practice are not available because they are impossible to comply with or simply do not exist." *King v. McCarty*, 781 F.3d 889, 894 (7th Cir. 2015). Because exhaustion is an affirmative defense, the defendants have the burden of establishing that an administrative remedy was available and that Plaintiff failed to pursue it. *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2016). When factual disputes regarding exhaustion exist, the court must resolve those disputes through an evidentiary hearing. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

Defendants allege that Peters failed to exhaust his administrative remedies. As an initial matter, Peters failed to offer any evidence that he submitted an inmate complaint relating to his allegation that McCreedy delayed his medical treatment. He offers no excuse for his failure to do so. When the failure to exhaust is the prisoner's fault, his claim against that defendant must be dismissed. *See Pavey*, 544 F.3d at 742. Accordingly, the court will grant summary judgment in favor of McCreedy.

Berg and Nazario assert that summary judgment should be granted in their favor as well because Peters did not file a timely inmate complaint related to their conduct. Peters claims that he did file a timely inmate complaint on May 7, 2017 but KMCI did not process the complaint or return it to him. To support his assertion, Peters submitted copies of the May 7, 2017 complaint as well as a follow up complaint on May 25, 2017, asking whether KMCI received the first complaint. Based on the current record, the court concludes a genuine issue of material fact exists as to whether Peters exhausted his administrative remedies with respect to Berg and Nazario. Because genuine

4

issues of material fact exist regarding Peters' exhaustion, the Court will schedule a *Pavey* hearing in this matter.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (ECF No. 24) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion for summary judgment is granted as to Peters' claims against McCreedy and those claims are dismissed. Defendants' motion for summary judgment is denied as to Berg and Nazario. Due to a genuine issue of material fact being present as to whether Peters exhausted his administrative remedies, the Court will schedule a *Pavey* hearing. The Clerk is directed to set the matter on the Court's calendar for a telephone conference to schedule the hearing.

**SO ORDERED** this   27th   day of August, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court