# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GEORGE PETERS,

        Plaintiff,

v.                                                                                               Case No. 17-C-1115

GRANT BERG and JOHN NAZARIO,

        Defendants.

## ORDER OF DISMISSAL

        Plaintiff George Peters, filed this action on August 11, 2017, alleging that he was subjected to cruel and unusual punishment by the defendants while an inmate at Kettle Moraine Correctional Institution (KMCI). More specifically, Peters alleged that Captain Berg and Sergeant Nazario injured him when they forced his arms behind his back so as to handcuff him while transferring him to another cell. Peters alleged that he had notified them before they did so that he had a pre-existing injury to his right shoulder that prevented him from putting his arms behind his back. Peters also claimed that Bill McCreedy of the Health Services Unit of KMCI had also violated his Eighth Amendment Rights by his deliberate indifference to his need for medical treatment.

        On September 18, 2017, the court entered a Screening Order allowing the case to proceed. The defendants answered on November 13, 2017, and on January 31, 2018 filed a motion for summary judgment on the ground that Peters had failed to properly exhaust his administrative remedies. Defendants at that time also sought to stay discovery and deadlines for further dispositive motions in the event their exhaustion defense failed so as to preserve resources and avoid the expense of a full defense on the merits if it proved unnecessary. The court granted the motion to

stay discovery outside the issue of administrative exhaustion, and briefing on the motion progressed. On August 27, 2018, the court entered an Order granting the motion for summary judgment as to Defendant McCreedy, but denying it as to Berg and Nazario because Peters had raised a factual issue as to whether he had exhausted his administrative remedies. The court thereafter set the case for a *Pavey* hearing on the remaining exhaustion issues. *See Pavey v Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

The *Pavey* hearing was scheduled to take place on October 26, 2018. On October 17, 2018, the defendants filed a motion requesting that the case be set for a status conference and that the case be dismissed under the Fugitive Disentitlement Doctrine if the plaintiff failed to appear. In support of their motion, the defendants noted that Peters had been released from prison and was listed in "absconded" status by the official Department of Corrections Offender Locator. Because Peters was in absconder status, defendants stated it was unclear whether he would appear for the October 26, 2018 hearing. Rather than incur the considerable time and expense necessary to prepare for the hearing and travel to Green Bay with witnesses, counsel asked that the case be set for a status conference at which plaintiff would be directed to appear in person. In the event he failed to appear for the status conference, defendants asked that the case be dismissed under the Fugitive Disentitlement Doctrine. "The Fugitive Disentitlement Doctrine is a discretionary device by which courts may dismiss criminal appeals or civil actions by or against individuals who are fugitives from justice." *Gutierrez-Almazan v Gonzales*, 453 F.3d 956, 957 (7th Cir. 2006).

In response to the defendants' motion, the court set the matter for a status conference for October 22, 2018. When Peters failed to appear, the court cancelled the October 26, 2018 *Pavey* hearing, but directed the defendants to appear by telephone to see if Peters would, in fact, appear. On October 26, 2018, the court received from Peters by mail a request that the hearing be

2

rescheduled. Peters gave a new address of 2504 Grant Street, Milwaukee, WI 53215. The court thereupon entered an Order directing Peters to appear in court and show cause why his case should not be dismissed for his failure to appear at the previous hearings and for failing to keep the Clerk advised of his current address. The hearing for the Order to Show Cause was set for November 19, 2018. Peters again failed to appear and he has since provided no explanation for his absence. Furthermore, the defendants have notified the court that he is still listed in "absconder" status by the Department of Corrections.

Based upon the foregoing, this action will be dismissed on its merits and with prejudice. In applying the Fugitive Disentitlement Doctrine, the court is to be guided by pragmatic considerations. Here it makes no sense to have the defendants and their witnesses travel to Green Bay for a hearing at which the defendant has failed to appear and apparently has no interest in disputing the defense they have asserted. Furthermore, he has delayed this action and caused the defendants to incur costs and expenses by failing to keep the Clerk advised of his current address. As an absconder from probation, Peters apparently is not in a position to continue this action. By failing to keep the Clerk advised of his current address he has caused disruption of court proceedings and increased the costs and expenses incurred by the defendants. For all of these reasons, this action is ordered dismissed on its merits and with prejudice. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** this   20th   day of November, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court